FILED

2025 Sep-03 PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHWESTERN DIVISION

**JANE DOE,**

      Plaintiff,

**vs.**                                                              **CIVIL ACTION NO.:**

**TOWN OF KILLEN, ALABAMA; BRYAN HAMMOND; and JARROD GAILEN WEBSTER,**

      Defendants.

---

## COMPLAINT

---

Plaintiff, Jane Doe, through the undersigned counsel, asserts the following:

### PRELIMINARY STATEMENT

1.      This is a civil action brought to vindicate the Plaintiff's rights under the United States Constitution, the Alabama State Constitution, and under the statutory laws of the United States and Alabama.

2.      This is an action for damages sustained by a citizen of the United States against Killen, Alabama police officer, Jarrod Gailen Webster, who unlawfully falsely imprisoned, raped, abused, assaulted, and harassed the Plaintiff, while being detained in Jarrod Gailen Webster's Killen police vehicle during a traffic stop.

3.      This is also an action for damages sustained by the Plaintiff as a result of

the Killen, Alabama police chief's, Bryan Hammond, and the Town of Killen, Alabama's failure to provide a safe and lawful environment, to assure proper training and supervision of the personnel, and to implement meaningful procedures to discourage lawless official conduct.

## JURISDICTION

4.     Federal subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3), (4) to obtain redress for the deprivation of rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

5.     The Plaintiff also invokes supplemental jurisdiction of the Court for state law claims that arise from the same facts and under the same circumstances under 28 U.S.C. § 1367.

6.     Venue is proper pursuant to 28 U.S.C. § 1391, in that the events or occurrences giving rise to the Plaintiff's claims occurred in the Northern District of Alabama, Northwestern Division.   Moreover, upon information and belief, all individual Defendants reside in the Northern District of Alabama, Northwestern Division.

7.     All conditions precedent to the bringing of this suit have occurred.

## PARTIES

8.      Plaintiff Jane Doe, is an adult, female citizen of the United States, a citizen of the State of Alabama, and a resident of Madison County, Alabama.

9.      Pursuant to the principals set forth in *Doe v. Hobson*, 300 F.R.D. 576 (M.D. Ala. 2014), Jane Doe files this action under a pseudonym and seeks to proceed anonymously because: (a) she fears retaliation by Defendants; (b) she wishes to preserve her right to privacy; (c) there is significant social stigma attached to being a victim of a sexual assault; (d) Plaintiff is challenging a government entity; (e) Plaintiff's action requires disclosure of information of the utmost intimacy; and (f) identification would put Plaintiff at risk of suffering physical or mental injury. There is no prejudice to Defendants if Jane Doe files this action under a pseudonym and proceeds anonymously.

10.     The identity of Jane Doe will be disclosed to Defendants privately in order to allow Defendants to assess and defend their claims. As a result, there are no due process concerns if the named plaintiff proceeds anonymously.

11.     Defendant, Jarrod Gailen Webster, is an adult resident of Lauderdale County, Alabama. Defendant Webster is sued in his individual capacity.

12.     Defendant, Bryan Hammond, an adult resident of Lauderdale County, Alabama, was the Killen, Alabama Police Chief with the Killen, Alabama Police Department, and the supervisor to Defendant Jarrod Gailen Webster, prior to and at the

time of the events giving rise to the instant Complaint. Defendant Hammond is sued in his individual capacity.

13.    Defendant, Town of Killen, Alabama, is being sued as an entity subject to suit as a person under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

14.    On or about the overnight of November 11, 2023, and/or the early morning hours of November 12, 2023, in Killen, Alabama, Plaintiff was traveling alone in her vehicle on Alabama Highway 72, returning to her residence in Meridianville, Alabama.

15.    At all times material to this Complaint, Defendant Jarrod Gailen Webster was employed by the Town of Killen, Alabama as a police officer.

16.    At all times material to this Complaint, Defendant Jarrod Gailen Webster and Defendant Bryan Hammond acted within the line and scope of their employment for the Town of Killen, Alabama.

17.    At all times material to this Complaint, Defendants acted under the color of state law.

18.    At or around the aforementioned time, Plaintiff was pulled over by Defendant Jarrod Gailen Webster. Defendant Webster was in his Killen, Alabama police vehicle, and he directed Plaintiff to exit the roadway by pulling up behind Plaintiff's vehicle and activating his police siren and lights.

4

19.    After Plaintiff pulled over on the side of the roadway, Defendant Jarrod Gailen Webster ordered Plaintiff to exit her vehicle. Plaintiff complied with Defendant Webster's command.

20.    Prior to directing Plaintiff to exit the vehicle, Defendant Jarrod Gailen Webster's police body camera was active and recording the incident; however, Defendant Webster turned off his body camera prior to asking Plaintiff to exit her vehicle.

21.    Once Plaintiff was out of the vehicle, Defendant Jarrod Gailen Webster stated that Plaintiff was under arrest and forcibly escorted her to his Killen, Alabama police vehicle.

22.    Defendant Jarrod Gailen Webster forced Plaintiff to his Killen, Alabama police vehicle, placed her in handcuffs, and then placed her in the backseat area of the police vehicle, falsely imprisoning her in the Killen, Alabama police vehicle.

23.    After placing Plaintiff into the back of his Killen, Alabama police vehicle, Defendant Jarrod Gailen Webster threatened Plaintiff with criminal charges and further detainment unless she engaged in sexual acts with Defendant Webster.

24.    Through the use of physical and legal intimidation and coercion, Defendant Jarrod Gailen Webster raped Plaintiff and forced her to engage in involuntary sexual acts, including oral sex on Defendant Webster. In addition to these acts, Defendant Webster groped, molested, assaulted, and battered Plaintiff's body in

5

a sexual nature. These activities were forced on Plaintiff against her will.

25.     After Defendant Jarrod Gailen Webster assault on Plaintiff concluded, Defendant Webster released Plaintiff from the Killen, Alabama police vehicle and allowed her to leave the scene of the assault.

26.     Following Defendant Jarrod Gailen Webster's assault on Plaintiff, on November 12, 2023, Plaintiff went to Crestwood Hospital Emergency Room where she received medical attention and rape crisis intervention.

27.     Prior to the events giving rise to the instant Complaint, Defendant Jarrod Gailen Webster consistently engaged in similar predatory and abusive schemes to falsely imprison, rape, sodomize and sexually assault other women while working in the course and scope of his employment as a police officer for the Killen, Alabama Police Department.

28.     During Defendant Webster's consistently-conducted scheme, Defendant Hammond and the Town of Killen, Alabama were consciously aware of Defendant Webster's regular and methodical abuse of his role as a Killen, Alabama police officer to falsely imprison, rape, sodomize and sexually assault unsuspecting women.

29.     Despite Defendants' conscious awareness of Defendant Jarrod Gailen Webster's predatory scheme to falsely imprison, rape, sodomize and sexually assault women in the course and scope of Defendant Webster's employment as a Killen, Alabama police officer, Police Chief, Defendant Bryan Hammond, and the Town of

6

Killen, Alabama took no action and implemented no safeguards to stop Defendant Webster and/or prevent Defendant Webster from continuing his predatory scheme.

30.    During the events giving rise to the instant Complaint, Plaintiff was falsely imprisoned, raped, sodomized and sexually assaulted by on-duty Killen police officer, Defendant Jarrod Gailen Webster, who is individually liable for said acts. The Town of Killen, Alabama and Killen Police Department Police Chief, Bryan Hammond, are liable for Defendant Jarrod Gailen Webster's negligence, assault and battery, outrage, invasion of privacy, and false imprisonment/arrest, based on Defendant Webster's blatant history of predatory actions and assaults on women while on-duty, and in the course of his employment, as a Killen, Alabama police officer.

31.    The Town of Killen, Alabama and Defendant Bryan Hammond's awareness and promotion of Defendant Jarrod Gailen Webster's predatory scheme to falsely imprison, rape, sodomize and sexually assault women, while acting under the color of law and acting within the course and scope of his employment and authority as a Town of Killen, Alabama police officer, is firmly evidenced in Defendant Hammond's public comments made while serving as the Police Chief of Killen, Alabama. Specifically, Defendant Hammond's public Facebook comments made in reference to sexual assault victims, in which Defendant Hammond posted "silence is consent."

32.    Prior to filing the instant Complaint, Plaintiff timely presented a signed

and sworn notification to Defendant Town of Killen, Alabama of these claims in accordance with Code of Alabama (1975) § 11-47-23 and 11-47-192 on April 19, 2024, received by Defendant on April 30, 2024. All conditions precedent to the filing of this lawsuit have occurred.

## FEDERAL LAW CAUSES OF ACTION

### COUNT I: VIOLATION OF FOURTH AMENDMENT (42 U.S.C. § 1983)

33. Plaintiff, hereby adopts and realleges each and every allegation in the preceding paragraphs of this Complaint as if fully set out herein.

34. Defendant Jarrod Gailen Webster's wrongful acts committed while he was a police officer for the Town of Killen, Alabama, as set forth in the preceding paragraphs, amount to abuse of Plaintiff in violation of the Fourth Amendment. Plaintiff's claims are made applicable to Defendants Jarrod Gailen Webster and the Town of Killen, Alabama under the Fourteenth Amendment of the United States Constitution, for which redress is provided under 42 U.S.C. § 1983.

35. At all times relevant to the instant action, Defendant Jarrod Gailen Webster was an employee and agent of the Town of Killen, Alabama acting under color of law within the meaning prescribed by 42 U.S.C. § 1983. Armed and clothed in the authority of the Town of Killen, Alabama Police Department, Defendant Webster sexually assaulted and sodomized Plaintiff. Defendant Webster intentionally misused his power as a law enforcement officer in order to act outside the limits of his

lawful authority in an abusive manner. Defendant Webster was only able to do so because of his employment by the Town of Killen, Alabama, as a police officer.

36.    Defendant Jarrod Gailen Webster intentionally committed acts in violation of Plaintiff's constitutional rights not to be seized without probable cause, not to be free from the use of excessive or unreasonable force while she was detained by Defendant Webster.

37.    While acting in the course and scope of his employment with the Town of Killen, Alabama, and while acting under his authority as a Town of Killen, Alabama police officer, Defendant Jarrod Gailen Webster engaged in non-consensual anal intercourse with Plaintiff. Defendant Jarrod Gailen Webster did not have a reasonable or a good faith belief that a serious threat to himself or others was present when he used excessive force against Plaintiff. Defendant Webster engaged in malicious and nonconsensual sexual acts with Plaintiff, such acts that should never be permitted in developed, civilized society. A reasonably prudent officer would not have used such force and committed unlawful acts of sexual trespass on Plaintiff in the same situation.

38.    Defendant Jarrod Gailen Webster was deliberately indifferent to the deprivation of civil and constitutional rights suffered by Plaintiff.

39.    As a result of the Town of Killen, Alabama Police Department's policies or customs of inadequate training and supervision of officers, including Defendant Jarrod Gailen Webster, the Town of Killen, Alabama and Defendant Bryan Hammond

created an environment that permitted the sexual assault of Plaintiff.

40.    As a result of the Town of Killen, Alabama Police Department's policies or customs of inadequate training and supervision of officers, including Defendant Jarrod Gailen Webster, and implemented by Defendant Bryan Hammond, police misconduct was tolerated thereby permitting the sexual assault of Plaintiff.

41.    As a result of the Town of Killen, Alabama Police Department's policies or customs of inadequate training and supervision of officers, including Defendant Jarrod Gailen Webster, and implemented by Defendant Bryan Hammond, there were inadequate procedures for recording citizen complaints thereby permitting the sexual assault of Plaintiff.

42.    The foregoing acts, omissions, systemic failures, and deficiencies are policies and customs of the Town of Killen, Alabama. As such, Defendant Jarrod Gailen Webster, Defendant Bryan Hammond, and other police officers of the Town of Killen, Alabama believed that assault, violence, and the use of excessive force were permissible and that complaints of said conduct would not be honestly or properly investigated. Accordingly, it was foreseeable that officers, such as Defendant Webster, would use excessive force on Plaintiff and other similarly situated citizens.

43.    Defendant Bryan Hammond failed to train and/or supervise Defendant Jarrod Gailen Webster such that a causal connection exists between Defendant Hammond's failures and the sexual assault and sodomy of Plaintiff. As an agent and

supervisor of the Killen, Alabama Police Department, Defendant Hammond acted with the authority vested in him by virtue of his employment with the Town of Killen, Alabama. Defendant Hammond's acts and omissions constituted deliberate indifference to Plaintiff's civil rights.

44.    Defendants' actions and/or inactions combined and concurred to proximately cause Plaintiff the following injuries and damages:

a.    Violation of her constitutional rights under the Fourth Amendment to the United States Constitution;

b.    Plaintiff suffered permanent injuries;

c.    Plaintiff suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future;

d.    Plaintiff has been caused to incur medical, doctor and drug expenses in the treatment of her injuries and will be caused to incur such expenses in the future; and,

e.    Plaintiff suffered lost wages and suffered a permanent loss of earning capacity.

45.    Plaintiff brings this claim under 42 U.S.C. § 1983. The Plaintiff respectfully requests an award of attorney fees and/or expert fees, in the event that Plaintiff prevails in this action.

WHEREFORE, Plaintiff claims judgment against Defendant Jarrod Gailen Webster for compensatory and punitive damages in an amount to be determined by the jury as being just and proper under the circumstances. Plaintiff further demands for her reasonable attorney's fees, the costs of this action and such other and further relief as the Court deems proper and just.

## COUNT II: VIOLATION OF EIGHTH AMENDMENT (42 U.S.C. § 1983)

46.    Plaintiff hereby adopts and realleges each and every allegation in the preceding paragraphs of this Complaint as if fully set out herein.

47.    Defendant Jarrod Gailen Webster, individually, and exercising his position of authority and acting under color of state law in his capacity as Killen, Alabama police officer, forced Plaintiff to engage in vulgar and indecent sexual acts thus imposing on Plaintiff humiliating and unnecessary infliction of pain in violation of her rights provided by the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. Further, the force used and injury inflicted was not done in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm to Plaintiff and gratification to the Defendant Webster. Said excessive force caused Plaintiff severe physical, psychological, and emotional injuries.

48.    Defendants' actions and/or inactions combined and concurred to proximately cause Plaintiff the following injuries and damages:

12

a.   Violation of her constitutional rights under the Eighth Amendment to the United States Constitution;

b.   Plaintiff suffered permanent injuries;

c.   Plaintiff suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future;

d.   Plaintiff has been caused to incur medical, doctor and drug expenses in the treatment of her injuries and will be caused to incur such expenses in the future; and,

e.   Plaintiff suffered lost wages and suffered a permanent loss of earning capacity.

49.   Plaintiff brings this claim under 42 U.S.C. § 1983. The Plaintiff respectfully requests an award of attorney fees and/or expert fees, in the event that Plaintiff prevails in this action.

WHEREFORE, Plaintiff claims judgment against Defendant Jarrod Gailen Webster, for compensatory and punitive damages in an amount to be determined by the jury as being just and proper under the circumstances.  Plaintiff further demands for her reasonable attorney's fees, the costs of this action and such other and further relief as the Court deems proper and just.

## COUNT III: VIOLATION OF FOURTEENTH AMENDMENT
### (42 U.S.C. § 1983)

50.   Plaintiff hereby adopts and realleges each and every allegation in the

preceding paragraphs of this Complaint as if fully set out herein.

51.    All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States.

52.    The Due Process Clause of the Fourteenth Amendment states that no state shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Specifically, law enforcement officials are required to take reasonable measures to guarantee the safety of individuals detained.

53.    In order for law enforcement to lawfully hold a detainee, such detainment or confinement is done only to ensure his/her presence at trial. "Any deprivation or restriction of . . . rights beyond those which are necessary for confinement alone, must be justified by a compelling necessity."

54.    Plaintiff was detained by Defendant Jarrod Gailen Webster within the meaning prescribed by 42 U.S.C. § 1983. Once detained, Plaintiff was under the custody and control of the Town of Killen, Alabama, through its agent, and Defendant Webster was prohibited from depriving Plaintiff of her rights guaranteed under the United States Constitution.

55.    On or about the overnight of November 11, 2023, Defendant Jarrod

Gailen Webster, an agent of the Town of Killen, Alabama, acting under color of law within the meaning prescribed by 42 U.S.C. § 1983, detained Plaintiff inside of his Killen, Alabama police vehicle and forcibly raped and sodomized Plaintiff.

56.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered traumatic physical injuries as well as mental anguish, extreme pain and suffering, embarrassment and humiliation, loss of sense of safety and security, frustration, and anxiety.

57.     Defendants' actions and/or inactions combined and concurred to proximately cause Plaintiff the following injuries and damages:

a.     Violation of her constitutional rights under the Fourteenth Amendment to the United States Constitution;

b.     Plaintiff suffered permanent injuries;

c.     Plaintiff suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future;

d.     Plaintiff has been caused to incur medical, doctor and drug expenses in the treatment of her injuries and will be caused to incur such expenses in the future; and,

e.     Plaintiff suffered lost wages and suffered a permanent loss of earning capacity.

58.     Plaintiff brings this claim under 42 U.S.C. § 1983. The Plaintiff

respectfully requests an award of attorney fees and/or expert fees, in the event that Plaintiff prevails in this action.

WHEREFORE, Plaintiff claims judgment against Defendant Jarrod Gailen Webster for compensatory and punitive damages in an amount to be determined by the jury as being just and proper under the circumstances. Plaintiff further demands for her reasonable attorney's fees, the costs of this action and such other and further relief as to the Court deems proper and just.

## COUNT IV: 42 U.S.C. § 1983 AGAINST TOWN OF KILLEN, ALABAMA AND FAILURE TO TRAIN – MUNICIPAL LIABILITY AND SUPERVISORY LIABILITY

59.    Plaintiff hereby realleges and adopts all of the foregoing paragraphs of the complaint as if more fully set out herein.

60.    Upon information and belief, Defendants Town of Killen, Alabama and Bryan Hammond violated the Plaintiff's Fourth Amendment rights by failing to adequately train its officers with regard to sexual abuse and inappropriate sexual conduct.

61.    Defendants Town of Killen, Alabama and Bryan Hammond had duties to train and supervise their officers in order to ensure the constitutional rights, health, safety and well-being of citizens, including Plaintiff, from the abuses of excessive force and inappropriate sexual conduct.

62.    Defendants Town of Killen, Alabama and Bryan Hammond inadequately

16

trained their employees "in the lawful execution of their duties" and "failure to train was actually a city policy." *Kerr v. City of West Palm Beach*, 875 F. 2d 1546, 1555 (11th Cir. 1989).

63.    Chief Bryan Hammond is personally liable for the denial of Plaintiff's protected constitutional rights in violation of Section 1983, pursuant to the doctrine of supervisory liability.

64.    Supervisory liability requires that a supervisor (Chief Bryan Hammond) had actual or constructive knowledge that his subordinate officers were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff and that the Chief responded with deliberate indifference to or a tacit authorization of the alleged offenses or practices, such that there was an affirmative causal link between the Chief's inaction or actions and the particular constitutional injury suffered by Plaintiff.

65.    Chief Bryan Hammond acted with reckless indifference to the misconduct of his subordinates that he ordered directly or indirectly through his subordinate command staff, which violated the protected constitutional rights of Plaintiff.

66.    Chief Bryan Hammond's deliberate indifference to the training, supervision and retention of Defendant Jarrod Gailen Webster, directly and proximately caused Plaintiff to be deprived of her rights under the Fourth, Eighth and

Fourteenth Amendment to the United States Constitution.

67.     The conduct constituted a "policy or custom" where the failure to train constitutes a "deliberate indifference" to the citizens of the Town of Killen, Alabama.

68.     The Town of Killen, Alabama is liable because an unconstitutional policy implemented by a final city policymaker caused Plaintiff's injuries.

69.     Defendant Bryan Hammond is the Town of Killen, Alabama's final policymaker concerning police matters.

70.     The policymakers for the Town of Killen, Alabama had "actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of its citizens." *Young v. City of Augusta*, 59 F. 3d 1160, 1172 (11th Cir. 1995).

71.     But for the "deficient training program[,] the constitutional violation would not have occurred." *Gainor v. Douglas County*, 59 F. Supp. 2d 1259, 1295 (N.D. Ga. 1998).

72.     The failure to train can create liability without a history of constitutional violations when the need for training is obvious.

73.     The need to train officers in the constitutional limitations on sexual abuse and inappropriate sexual conduct is so obvious that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 390 n. 10 (1989).

18

74.    The need for a particular type of training may be obvious where officers face clear constitutional duties in recurrent situations. *Young v. City of Augusta*, 59 F. 3d 1160, 1172 (11th Cir. 1995).

75.    The need to adequately train its officers on sexual abuse and inappropriate sexual conduct was obvious because Defendant Town of Killen, Alabama knew it was only a matter of time before its officers would be faced with situations where sexual abuse and inappropriate sexual conduct could occur.

76.    It was the policy and/or custom of the Town of Killen, Alabama to inadequately train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

77.    The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the Town of Killen, Alabama to the constitutional rights to be free from sexual abuse and inappropriate sexual conduct of persons within the Town, and were the cause of the violations of Plaintiff's rights alleged herein.

78.    Defendants' actions and/or inactions combined and concurred to proximately cause Plaintiff the following injuries and damages:

a.    Violation of her constitutional rights under the Fourth, Eighth, and Fourteenth Amendment to the United States Constitution;

b.    Plaintiff suffered permanent injuries;

c.    Plaintiff suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future;

d.    Plaintiff has been caused to incur medical, doctor and drug expenses in the treatment of her injuries and will be caused to incur such expenses in the future; and,

e.    Plaintiff suffered lost wages and suffered a permanent loss of earning capacity.

79.    Plaintiff brings this claim under 42 U.S.C. § 1983. The Plaintiff respectfully requests an award of attorney fees and/or expert fees, in the event that Plaintiff prevails in this action.

WHEREFORE, Plaintiff demands judgment against Defendants Town of Killen, Alabama and Bryan Hammond for compensatory damages in an amount to be determined by the jury as being just and proper under the circumstances. Plaintiff further demands for her reasonable attorney's fees, the costs of this action and such other and further relief as the Court deems proper and just.

## ALABAMA STATE LAW CAUSES OF ACTION

## COUNT V: ASSAULT AND BATTERY

80.    Plaintiff hereby adopts and realleges each and every allegation in the preceding paragraphs of this Complaint as if fully set out herein.

81.    Under Alabama law, Defendant Town of Killen, Alabama is liable for the conduct of Defendant Jarrod Gailen Webster as he was acting in the line and scope of his employment with the Town of Killen, Alabama.

82.    Pursuant to Ala. Code § 11-47-190 (1975), the Town of Killen, Alabama is liable for the neglect, carelessness or unskillfulness of its employees or officers.

83.    On or about November 11, 2023, Defendant Webster, as a Killen, Alabama police officer, assaulted and battered and used excessive force on Plaintiff, through unwanted contact and requiring her to submit to his sexual advances.

84.    This assault and battery, and excessive use of force, by Defendant Webster was negligent, neglectful, careless, unskillful, wanton, malicious, willful or in bad faith.

85.    Defendants' actions and/or inactions combined and concurred to proximately cause Plaintiff the following injuries and damages:

a.    Plaintiff suffered permanent injuries;

b.    Plaintiff suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future;

c.    Plaintiff has been caused to incur medical, doctor and drug expenses in the treatment of her injuries and will be caused to incur such expenses in the future; and,

d.    Plaintiff suffered lost wages and suffered a permanent loss of earning capacity.

WHEREFORE, Plaintiff claims judgment against Defendants Jarrod Gailen Webster and the Town of Killen, Alabama for compensatory and punitive damages in an amount to be determined by the jury as being just and proper under the circumstances. Plaintiff further demands the costs of this action and such other and further relief as the Court deems proper and just.

## COUNT VI: LIBERTY DEPRIVATION/FALSE IMPRISONMENT

86.    Plaintiff hereby adopts and realleges each and every allegation in the preceding paragraphs of this Complaint as if fully set out herein.

87.    Acting without reasonable suspicion or probable cause, Defendant Jarrod Gailen Webster, individually, and exercising his position of authority and acting under color of state law in his capacity as a Killen, Alabama police officer, unlawfully held Plaintiff against her will and deprived her of her liberty rights protected by the Fourth, Eighth and/or Fourteenth Amendment to the United States Constitution when he detained her during a traffic stop on Alabama Highway 72 on or about the overnight of November 11, 2023.

88.    The conduct of Defendant Webster was negligent, neglectful, careless, unskillful, wanton, malicious, willful or in bad faith.

89.    At said location, while unlawfully detaining Plaintiff, Defendant Webster

forcibly raped and sodomized Plaintiff and unlawfully required her to comply with his demands to engage in nonconsensual, degrading and immoral behavior. Defendant Webster's malicious and sadistic behavior toward Plaintiff described herein failed to meet contemporary standards of decency, caused horrific and wanton infliction of pain and suffering, and was not reasonably and rationally related to any legitimate governmental or penological objective. As a result of the Defendant Webster's actions, Plaintiff suffered severe physical, psychological, and emotional injuries and damages set forth in Count V.

WHEREFORE, Plaintiff claims judgment against Defendants Jarrod Gailen Webster and the Town of Killen, Alabama for compensatory and punitive damages in an amount to be determined by the jury as being just and proper under the circumstances. Plaintiff further demands the costs of this action and such other and further relief as the Court deems proper and just.

### COUNT VII: INVASION OF PRIVACY

90.    Plaintiff hereby adopts and realleges each and every allegation in the preceding paragraphs of this Complaint as if fully set out herein.

91.    Defendant Jarrod Gailen Webster, while on duty as a police officer for the Town of Killen, Alabama, interfered with Plaintiff's right to private seclusion.

92.    Defendant Jarrod Gailen Webster's conduct included, but was not limited to, forcing Plaintiff to expose her breasts and genitals, molesting her breasts and

genitals, and raping and sodomizing her.

93.    Defendant Jarrod Gailen Webster's conduct toward Plaintiff was intentional and violated the sanctity of her body.

94.    The conduct of Defendant Webster was negligent, neglectful, careless, unskillful, wanton, malicious, willful or in bad faith.

95.    As the direct and proximate result of Defendant Jarrod Gailen Webster's actions, Plaintiff suffered serious and horrific physical, psychological, and emotional injuries and damages as set forth in Count V.

WHEREFORE, Plaintiff claims judgment against Defendants Jarrod Gailen Webster and the Town of Killen, Alabama for compensatory and punitive damages in an amount to be determined by the jury as being just and proper under the circumstances.  Plaintiff further demands the costs of this action and such other and further relief as the Court deems proper and just.

## COUNT XIV: NEGLIGENT TRAINING, SUPERVISION AND RETENTION

96.    Plaintiff hereby adopts and realleges each and every allegation in the preceding paragraphs of this Complaint as if fully set out herein.

97.    Defendants Bryan Hammond and the Town of Killen, Alabama, owed a duty to Plaintiff to maintain a safe and secure environment for the general public, including Plaintiff. Defendants breached their duty by negligently and/or wantonly failing to adequately train and supervise Defendant Jarrod Gailen Webster.

98.    At all times material to this Complaint, Defendant Bryan Hammond was acting within the line and scope of his duties as an employee of the Town of Killen, Alabama, acting as its Chief of Police.

99.    Defendants Bryan Hammond and the Town of Killen, Alabama, negligently, carelessly or unskillfully failed to adequately train and supervise its police officers in the areas of excessive force, arrest procedures, investigatory stops, sexual abuse, inappropriate sexual conduct, and detainments. This negligent, careless or unskillful training and supervision caused Town of Killen, Alabama employees to act in a negligent, careless or unskillful manner and caused Plaintiff's injuries.

100.    Prior to the events giving rise to the instant Complaint, Defendant Jarrod Gailen Webster consistently engaged in similar predatory and abusive schemes to falsely imprison, rape, sodomize and sexually assault other women while working in the course and scope of his employment as a police officer for the Killen, Alabama Police Department.

101.    During Defendant Webster's consistently-conducted scheme, Defendant Hammond and the Town of Killen, Alabama were consciously aware of Defendant Webster's regular and methodical abuse of his role as a Killen, Alabama police officer to falsely imprison, rape, sodomize and sexually assault unsuspecting women.

102.    Despite Defendants' conscious awareness of Defendant Jarrod Gailen Webster's predatory scheme to falsely imprison, rape, sodomize and sexually assault

women in the course and scope of Defendant Webster's employment as a Killen, Alabama police officer, police chief, Defendant Bryan Hammond, and the Town of Killen, Alabama took no action and implemented no safeguards to stop Defendant Webster and/or prevent Defendant Webster from continuing his predatory scheme.

103.  In Defendants' failure to adequately train and supervise and continued employment of Defendant Webster, Defendants exhibited a reckless disregard or a deliberate indifference to the Plaintiff. As a direct and proximate result of Defendants Bryan Hammond and the Town of Killen, Alabama's negligent supervision, retention and/or training of Defendant Webster, Plaintiff was caused to suffer the damages alleged in Count V.

WHEREFORE, Plaintiff claims judgment against Defendants Bryan Hammond and the Town of Killen, Alabama for compensatory and punitive damages in an amount to be determined by the jury as being just and proper under the circumstances. Plaintiff further demands the costs of this action and such other and further relief as to the Court deems proper and just.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by struck jury.

DATED this the 3rd day of September, 2025

26

Respectfully submitted,


Joe A. King, Jr. (5784O43K)
*Attorney for Plaintiff*


David J. Hodge (4617171H)
*Attorney for Plaintiff*


Joseph D. Aiello (5017S75A)
*Attorney for Plaintiff*


M. Foster Gregory (2116I48F)
*Attorney for Plaintiff*




*OF COUNSEL*:

MORRIS, KING & HODGE, P.C.
200 Pratt Avenue NE
Huntsville, Alabama 35801-4007
Telephone: (256) 536-0588
Facsimile: (256) 533-1504
jking@mkhlawyers.com
dhodge@mkhlawyers.com
jaiello@mkhlawyers.com
foster@mkhlawyers.com

**<u>SERVE DEFENDANTS BY CERTIFIED MAIL:</u>**

Jarrod Gailen Webster
56215-511
NCR - Thomson FCI
P.O. Box 1001
Thomson, Illinois 61285

Bryan Hammond
110 County Road 341
Florence, AL 35634-4506

Town of Killen, Alabama
c/o Mayor Tim Tubbs
319 J C Mauldin Highway
Killen, AL 35645